UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00108-LLK

TERESA BEASLEY                                                                                              PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 22 and 25, and the case is ripe for determination.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 14.

Because the Court is unable to conduct a meaningful review of Plaintiff's claims due to internal inconsistency in the administrative law judge's (ALJ's) findings, the Court will REMAND this matter to the Commissioner for a new decision and additional findings.

### Authority for remand

Plaintiff argues that, although they purport to allow her to perform light work, in fact, the ALJ's residual functional capacity (RFC) findings "support a sedentary exertional capacity as opposed to light." Docket 22, p. 4. Therefore, according to the argument, the ALJ's RFC findings require a conclusion that she has a maximum exertional capacity for sedentary work. It follows (so the argument goes) that, in light of her age, education, and prior work experience, Plaintiff is entitled to an ultimate finding of disability pursuant to a direct application of Rule 201.14 of Appendix 2 of the regulations (the so-called medical-vocational guidelines, or grids). Docket 22, p. 2.

1

For the reasons below, the ALJ's RFC findings as a whole are too internally inconsistent to draw any firm conclusion about Plaintiff's maximum exertional capacity.  Because the difference between an RFC to perform either sedentary or light work may determine the outcome of this case, a remand is required.  *See Villarreal v. Comm'r*, No. SA-16-CA-272-FB, WL 8202967, at *11 (W.D. Tex. Nov. 22, 2016) (collecting authorities for the proposition that "[w]hen apparent internal inconsistencies in an ALJ's [RFC] assessment may have an outcome determinative impact upon a social security determination under the Medical Vocational Guideline grids, courts recognize that a remand to clarify these inconsistencies is often necessary"); *see also Deveraeaux v. Comm'r*, No. 12-cv-1168–WJM, WL 2393075, at *9 (D. Col. May 31, 2013) ("[B]ecause of the [internal] inconsistency [in the ALJ's RFC findings], the Court is left with no choice but to remand this case to the Commissioner for rehearing so that material issues to Plaintiff's disability claim may be reconciled").

### The ALJ's RFC Findings

The ALJ found that Plaintiff has the following residual functional capacity (RFC):

*Exertional limitations (based on definition of "light" work in Social Security Ruling (SSR) 83-10, 1983 WL 31251)*:  After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform light work … meaning the claimant can occasionally lift 20 pounds and frequently lift 10 pounds, and can stand, sit, and walk for six hours out of an 8-hour day.

*Additional postural and other limitations:*  She requires a sit/stand option where she can sit for 30 minutes, then stand for 5-15 minutes, and is limited to walking ½ block at a time.  She can occasionally handle objects with her bilateral hands, frequently reach and reach overhead, and frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  She can occasionally climb ladders, ropes or scaffolds, crawl, and bend.

*Mental limitations:*  She is limited to simple, repetitive, unskilled tasks, can occasionally interact with the public, supervisors and co-workers, can frequently respond to routine changes in the work setting, but will be off-task 5% of each workday due to the combination of her impairments.

(ALJ's decision, administrative record (AR), p. 14).

### The ALJ's RFC findings are internally inconsistent.

The foregoing RFC findings are internally inconsistent because:

1. The terms "occasional" and "frequent" are terms of art in Social Security law. "Occasional" means occurring from very little up to 1/3 of the time. Social Security Ruling (SSR) 83-10, 1983 WL 31251. "Frequent" means occurring from 1/3 to 2/3 of the time. *Id.* The ALJ found that Plaintiff can crawl frequently and occasionally.

2. The ALJ found that Plaintiff requires a sit/stand option where she can sit for 30 minutes, then stand for 5-15 minutes. This suggests that Plaintiff must sit between 6/7 (30/35) and 2/3 (30/45) of the workday. The ALJ found that Plaintiff can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. It is not apparent how a person who must sit up to 6/7 of the workday can frequently climb ramps and stairs, etc.

3. The ALJ found that Plaintiff can frequently stoop and crouch but only occasionally bend. Stooping is defined as "bending the body downward and forward by bending the spine at the waist." SSR 83-14, 1983 WL 31254. Crouching is "bending the body downward and forward by bending both the legs and spine." *Id.*

4. The ALJ found that Plaintiff can frequently reach but only occasionally handle objects with her bilateral hands. Reaching is "extending the hands and arms in any direction," and handling is "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands." SSR 85-15, 1985 WL 56857. The purpose of frequent reaching is not apparent if the individual can only occasionally handle.

**The ALJ's findings are at odds with a finding that Plaintiff can perform light work.**

Several of the ALJ's specific findings are at odds with the ALJ's overall finding that Plaintiff can perform light work. For example, the ALJ found that Plaintiff requires a sit/stand option where she can sit for 30 minutes, then stand for 5-15 minutes. This suggests that Plaintiff must sit between 6/7 (30/35) and 2/3 (30/45) of the workday -- leaving, at most, 1/3 of the workday (less than 3 hours) available for standing/walking. "[T]he full range of light work requires standing or walking, off and on, for a total of

approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251.

Also, the ALJ found that Plaintiff can frequently reach but only occasionally handle objects with her bilateral hands. Reaching and handling "are activities required in almost all jobs. Significant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do." SSR 85-15, 1985 WL 56857. It is not apparent that there are a significant number of light jobs that can be performed by an individual who is limited to occasional handling.

**The jobs the ALJ found Plaintiff can perform require greater capacities than the ALJ found.**

The ALJ found that Plaintiff is not disabled because, although she is unable to perform her past relevant work, she can perform a significant number of other jobs in the national economy. ALJ's decision, AR, p. 24. The ALJ gave three examples of such jobs and their identification in the Dictionary of Occupational Titles (DOT): merchandise marker (DOT 209.587-034, 1991 WL 671802); routing clerk (DOT 222.587-038, 1991 WL 672123); laboratory sample carrier (DOT 922.687-054, 1991 WL 688131). AR, p. 25.

The ALJ found that Plaintiff can only occasionally handle objects with her bilateral hands. AR, p. 14. The DOT describes the jobs as requiring frequent handling (and frequent or occasional fingering). Also, the DOT description suggests that the jobs require more walking/standing than the ALJ found.[1]

---

[1] *Merchandise marker:* Marks and attaches price tickets to articles of merchandise to record price and identifying information: Marks selling price by hand on boxes containing merchandise, or on price tickets. Ties, glues, sews, or staples price ticket to each article. Presses lever or plunger of mechanism that pins, pastes, ties, or staples ticket to article. May record number and types of articles marked and pack them in boxes. May compare printed price tickets with entries on purchase order to verify accuracy and notify supervisor of discrepancies. May print information on tickets, using ticket-printing machine [TICKETER (any industry); TICKET PRINTER AND TAGGER (garment)].

*Routing clerk:* Stamps, stencils, letters, or tags packages, boxes, or lots of merchandise to indicate delivery routes. Reads addresses on articles and determines route, using standard charts.

*Laboratory sample carrier:* Collects samples of products or raw materials for laboratory analysis, performing any combination of following tasks: Turns valves or dips sample container to transfer liquid samples from pipeline, processing equipment, tanks, or other vessels to test tubes, bottles, or buckets. Transfers dry samples, such as ore,

4

**The Court is unable to conduct a meaningful review of Plaintiff's claims.**

Plaintiff argues that "[t]he combination of an alternate sit/stand option (30 minutes, then stand for 5-15 minutes, and is limited to walking 1/2 block at a time), occasionally handle objects, and occasional postural restrictions in stooping, kneeling, crouch, crawling support a sedentary exertional capacity as opposed to light." Docket 22, p. 4. Therefore, according to the argument, the ALJ's RFC findings require a conclusion that she has a maximum exertional capacity for sedentary work; it follows (in light of her age, education, and prior work experience) that Plaintiff is entitled to an ultimate finding of disability pursuant to a direct application of Rule 201.14 of Appendix 2 of the regulations. Docket 22, p. 2.

For the reasons indicated above, the ALJ's RFC findings as a whole are too inconsistent to draw any conclusion about Plaintiff's maximum exertional capacity.

Plaintiff argues that the ALJ's finding that Plaintiff can "frequently … stoop, kneel, crouch, and crawl" (AR, p. 14) violates *Drummond v. Comm'r*, 126 F.3d 837 (6th Cir. 1997)[2] in light of the prior ALJ's finding that she can only "occasionally stoop, kneel, crouch, and crawl" (AR, p. 115). Docket 22, pp. 3-4.

---

grain, crystals, powder, or granular material to containers, using shovel, hand scoop, sample stick, or handtool. Labels sample containers with identifying data, location of sample, and time collected. Delivers samples to laboratory for analysis. Cleans sample containers, using specified cleaning agents and brushes or scrapers. Gathers samples at specified locations, stages of processing, and time interval. May collect samples of radioactive waste, following prescribed safety procedures, and be designated Sampler, Radioactive Waste (chemical).

[2] *Drummond v. Comm'r*, 126 F.3d 837 (6th Cir. 1997) held that the administrative law judge (ALJ) erred in finding that Drummond had a residual functional capacity (RFC) for medium work in light of the prior ALJ's finding that Drummond had an RFC for sedentary work. The error was due to a lack of evidence of medical improvement in Drummond's condition.

*Drummond* was based on principles of fairness (to protect claimants from arbitrary re-adjudications of RFCs in subsequent claims) and administrative res judicata. "Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner." *Id.* at 842.

In adopting Acquiescence Ruling 98-4(6), 1998 WL 283902, the Social Security Administration recognized the applicability of Drummond in cases arising within the Sixth Circuit:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the

The *Drummond* error Plaintiff identifies was, at worst, harmless because, based on their description in the DOT, the jobs relied on by the ALJ in support of an ultimate finding of lack of disability do not require more than occasional stooping, kneeling, crouching, or crawling.[3]  Nevertheless, because the ALJ's RFC findings as a whole are internally inconsistent, meaningful review of Plaintiff's claim that the ALJ improperly departed from the prior ALJ's RFC findings is impeded or frustrated.  As indicated above, in this circumstance, courts generally remand for a new decision containing additional findings.

Therefore, this matter is REMANDED to the Commissioner for a new decision and further administrative proceedings deemed necessary and appropriate by the Commissioner.

---

unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

Read together, *Drummond* and Acquiescence Ruling 98-4(6) establish that an ALJ is bound by the prior ALJ's RFC finding unless there is new and material evidence of a change (improvement) in the claimant's medical condition or a relevant change in the law.

[3] The jobs in question are merchandise marker (DOT 209.587-034, 1991 WL 671802), routing clerk (DOT 222.587-038, 1991 WL 672123), and laboratory sample carrier (DOT 922.687-054, 1991 WL 688131).  ALJ's decision, AR, p. 25.  They require no stooping, kneeling, crouching, or crawling except that a laboratory sample carrier must stoop, kneel, and crouch occasionally (i.e., up to 1/3 of the time).